UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7266 FMO (JCx) | Date | Sept. 28, 2016 |
|---|---|---|---|
| Title | Sarah F. Johnson v. Nationstar Mortgage, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On September 27, 2016, pro se plaintiff filed a complaint in this court against several defendants, including NBS Default Services ("NBS"), appearing to assert state-law claims for wrongful foreclosure and fraud. (See Dkt. 1, Complaint). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. (See id. at ¶ 6).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties.[1] See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1, Complaint at ¶ 1). NBS is alleged to be a citizen of California, (id. at ¶ 2), and another defendant that plaintiff refers to simply as "Trustee" (id. at ¶ 3) is alleged to be from "Long Beach, California[.]" (Id.). Thus, it does not appear that complete diversity of citizenship exists, and plaintiff should have filed her complaint in state court.

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-7266 FMO (JCx)** | Date | **Sept. 28, 2016** |
|---|---|---|---|
| Title | **Sarah F. Johnson v. Nationstar Mortgage, et al.** | | |

  Nor has plaintiff alleged that the matter in controversy exceeds the jurisdictional threshold of $75,000.  (See, generally, Dkt. 1, Complaint); 28 U.S.C. § 1332(a).

  Accordingly, IT IS ORDERED that no later than **October 5, 2016**, plaintiff shall show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response shall be supported by a declaration as necessary.  **Failure to submit a response by the deadline set forth above may be deemed as consent to dismissal without prejudice of the action**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |